WILLIAM A. COHAN, ESQ. (CA BAR #141804)
WILLIAM A. COHAN, P.C.
P.O. BOX 3448
Rancho Santa Fe, California  92067
(858) 832-1632
(858) 832-1845 (FAX)
Email: bill@williamacohan.com

Attorney for Defendant
RICHARD THOMAS GRANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD THOMAS GRANT,<br><br>Defendant. | Case No. 4:14-cr-00590-PJH-1<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL (DOC. NO. 47)**<br><br>Date:  September 30, 2015<br>Time:  2:30 PM<br>Courtroom:  3<br>Hon. Phyllis J. Hamilton |

Defendant Richard Thomas Grant, by and through undersigned counsel, submits the following reply to the government's response to his discovery motion, filed on September 16, 2015 (Doc. No. 47) ("the Response"). The government asserts that "the majority of its disclosures to date have addressed Defendant's requests." *See* Response at 1.  The government has provided some discovery concerning the subjects of some of Defendant's discovery requests in his motion but it apparently refuses to turn over a number of items the defense needs to prepare for trial.  The Court should find: the requested discovery is (1) relevant and (2) material to the defense, and (3) that the government should preserve it and make appropriate disclosures to the defense.

REPLY RE: MOTION TO COMPEL DISCOVERY - 1

# I.

# BACKGROUND

The government has produced approximately eleven thousand pages of discovery in this case. It incorrectly contends that Mr. Grant is on a "fishing expedition, in which he wishes to explore all evidence obtained in cases which have almost[1] no logical connection to Defendant, including the high-profile prosecutions of notable tax defiers and investigations of entities which assist would-be tax evaders." *See* Response at 8. The government claims that Mr. Grant has made no showing whatsoever as to the reasons the Court should order the government to preserve all evidence in separate (but related) criminal investigations of "notable tax defiers and entities that assist in the hiding of assets and evasion of taxes." *Id.* at 6. Yet, the government admits that it has turned over some obviously relevant and discoverable records from the government's civil action against SORCE and PQI, which it identifies at Bates numbers US02215-229, 11170-11208 and 11163-11167– only fifty-seven pages. *Id.* Similarly, the government concedes that it has disclosed some records it seized during its investigation into MyICIS, Bates numbered US00523-667. *Id.* The government has more than a few hundred pages of records material to the defense in its possession from the civil and criminal investigations into these entities and their promoters. *Id. At 5.* The government's claim that this and other evidence was obtained in separate investigations is irrelevant to whether Mr. Grant is entitled to it to prepare his defense for trial.

The government concedes that it has not turned over the IRS Special Agent's Report for Mr. Grant[2], which is routinely turned over in criminal tax prosecutions. *See* Response at 5.

---

[1] This language and the documents disclosed in discovery thus far demonstrate the government knows the requested materials have a logical connection and are material.

[2] The government did, however, turn over the exhibits to the Special Agent's Report and a document entitled How To Use A Special Agent's Report.

REPLY RE: MOTION TO COMPEL DISCOVERY - 2

Mr. Grant seeks disclosure of and asks that the Court order the government to preserve discovery he is entitled to from: (1) recordings and/or witness statements prepared during investigation of this case and/or related IRS civil, collections and criminal investigations of Southern Oregon Resource Center Educational Services (SORCE), MyICIS, Pinnacle Quest International (PQI), former IRS CID Special Agent Joseph Banister, who was acquitted of alleged tax crimes, Mr. Banister's attorney Robert Bernhoft, and/or Freedom Law School (livefreenow.org) and its leader Peymon Mottahedeh; (2) documents and tangible objects from these same civil and criminal investigations that are material to the defense; (3) related summons enforcement and IRC §§ 6700 and 7602 investigation(s) into Mr. Banister and his attorney Mr. Bernhoft for promotion of abusive tax schemes such as tax shelters that would be subject to civil penalties (*see United States v. Bernhoft*, 666 F.Supp.2d 943 (E.D. of Wisconsin 2009)).

Mr. Grant seeks the Freedom Law School materials because Mr. Mottahedeh and the Freedom Law School (livefreenow.org) associated with and promoted Mr. Banister and his claims that no law requires individuals to file federal income tax returns[3] and pay income taxes. Mr. Grant seeks exculpatory materials from the government's civil and criminal investigations that tend to establish that Mr. Grant was beguiled by promoters of SORCE/MyICIS, PQI and other purported schemes, including Freedom Law School and the activities of Mr. Banister. He requests that the government preserve and disclose all such *Brady* and/or Fed.R.Crim.P. 16 materials, including statements and other documents or tangible materials evidencing

---

[3] Mr. Bernhoft promotes his successful defense of Mr. Banister resulting in acquittal on all federal tax fraud and conspiracy charges on the Bernhoft Law Firm, S.C.'s website: "Robert Bernhoft, Banister's attorney, said his client was acquitted because the government did not prove he intended to defraud. Observers said a crucial moment of the trial occurred when defense attorneys intensely questioned Banister's former supervisor at IRS, Robert Gorini, and he was unable to cite any U.S. law that required Banister to pay income taxes." *See* http://www.bernhoftlaw.com/index.php/major-cases/joseph-banister/

REPLY RE: MOTION TO COMPEL DISCOVERY - 3

the government's admissions and awareness of other similarly situated true believers.

## II.

## DISCUSSION

Mr. Grant has requested specific, relevant discovery identified again hereinabove that is material to the defense. The government does not and cannot justify its refusal to produce the requested discovery materials.

**A.  Legal Standard.**

Under the Sixth Amendment and the Fifth Amendment, Mr. Grant has a right to present a complete defense that he is a victim of the identified fraud schemes and not a perpetrator of tax crimes. Rule 16 "grants criminal defendants a broad right to discovery," requiring disclosure of all documents "material to preparing the defense," Fed.R.Crim.P. 16(a)(1)(E)(I); *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). Rule 16 is thus broader than *Brady*. Information that is not exculpatory or impeaching may still be relevant to developing a possible defense. *See United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013).

Mr. Grant is also entitled to present a good faith reliance defense with reliance materials. Material allegedly supporting defendant's professed view that he was not required to file a tax return is admissible, provided that there is a nexus between the material and the stated view. *See United States v. Powell,* 936 F.2d 1056, 1063-64 (9th Cir. 1991) ("[T]he district court should allow proffered evidence of statutes, case law and legal materials the Powells relied upon in forming their intent to fail to file tax returns."); *United States v. Gaumer*, 972 F.2d 723 (6th Cir. 1992). "[I]t is not contrary to common sense, let alone impossible, for a defendant to be ignorant of his duty based on an irrational belief that he has no duty...." *Cheek v. United States,* 498 U.S. 192, 203 (1991).

**B.  The Requested Discovery Is Relevant And Material To The Defense.**

The government blithely asserts it is not aware of the relevance or exculpatory nature of the requested materials. The government's initial discovery and inferences

REPLY RE: MOTION TO COMPEL DISCOVERY - 4

therefrom compel a different conclusion. For example, in the complaint to enjoin SORCE and its promoters, the government admitted: "Defendants' customers have been harmed by defendants' promotions because customers have paid SORCE significant sums to establish worthless legal entities and obtain erroneous tax advice that has caused customers to fail to file required federal tax returns and understate their income tax liabilities. While most if not all of defendants' customers knew or had reason to know they were engaging in fraud by participating in defendants' scheme, *it is possible that some customers may have been misled by defendants about the legality of defendants' scheme*." See Complaint, Case No. CV 08-0426-MO (District of Oregon), Exhibit A at Bates # US02224 (emphasis added). It is exculpatory that Mr. Grant was misled about the legality of the SORCE defendants' scheme. Similarly, a Complaint for Permanent Injunction was filed against the promoters of MyICIS, Inc. *See* Complaint, Case No. 10-CV-03026-JLH (W.D. of Arkansas), Exhibit B.

The government disclosed evidence apparently seized from MyICIS indicating Mr. Grant provided a $502 contribution to Joseph Banister's legal defense fund on May 26, 2005. *See* MyICIS Account Record, Exhibit C at Bates # US00600. Mr. Grant provided this money to help fund Mr. Banister's legal defense because Mr. Grant closely followed and relied upon Mr. Banister's research and criminal case.

Mr. Grant learned about Joseph Banister through the Freedom Law School. Mr. Grant has provided reciprocal discovery of documents and materials he received from the Freedom Law School concerning Mr. Banister. Moreover, the government lists correspondence the IRS received from Mr. Grant in connection with the government's civil investigation and civil litigation with Mr. Grant over tax liability and collection activity, which was prepared by Freedom Law School. Mr. Grant had a membership in Freedom Law School's Royal Freedom Package. Mr. Grant paid thousands of dollars for Freedom Law School's materials and assistance with his interactions with the IRS.

REPLY RE: MOTION TO COMPEL DISCOVERY - 5

On or about March 6, 2008, Peymon Mottahedeh sent Mr. Grant the following correspondence on behalf of Freedom Law School:

> Dear Rich and Carol,
>
> CONGRATULATIONS and thank you for your Continued Loyalty and Support of Freedom Law School's Freedom works. You have made it through the FIFTH year of your membership in our Royal Freedom Package. Now that you have paid the initial $6,000 Membership Dues, your renewal dues are only $3,000 per year.
>
> Your funds are spent on protecting and defending fellow freedom seekers in the Royal Freedom Package Group. For this $3,000 annual renewal fee you will continue to receive, for any year that a 1040 Income Tax Confession form has NOT been sent in,
>
> (1) Unlimited Consultation, by telephone, about your IRS or State Income Tax Issues.
>
> (2) Full representation by qualified paralegals, attorneys or other professionals for any and all IRS and State Income Tax Agency Administrative issues, including:
> >   (a) All Letters and Correspondence between you and the IRS or
> >   (b) All Summons, Hearings, Tax Court Work for IRS and State Income Tax Agencies...
>
> In short, you have obtained a "Peace of Mind Package" that allows you to spend your time on other areas of your life, while we make sure you are well protected from the insidious attacks of the IRS or State Income Tax Agencies, so that you can enjoy your life with reassurance and FREE of fear.

*See* 3/6/08 Mottahedeh letter (Exhibit D).

The government lists correspondence and memorandums of contact with and statements by Mr. Grant in the Response at 3-4, which were prepared by and in consultation with the Freedom Law School pursuant to the "Royal Freedom Package." Reciprocal discovery provided to the government on September 21, 2015, includes reliance materials Mr. Grant received from the Freedom Law School on Mr. Banister and other individuals upon whom Mr. Grant relied for his good faith belief he was not required to file federal income tax returns and pay federal income tax.

Defendant has made a prima facie showing of the materiality of the requested discovery by presenting facts that tend to show that the United States is: a) in possession of the information; and b) the information would be helpful to the defense

REPLY RE: MOTION TO COMPEL DISCOVERY - 6

because it tends to establish that Mr. Grant is a victim of these schemes and did not wilfully violate the tax laws. *See* Response at 7; *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995).  " A defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *Stever,* 603 F.3d at 752 (quotation marks omitted).  Mr. Grant has not made "blanket demands," and the requested materials are not neutral, irrelevant, speculative or inculpatory. *See* Response at 7.

### C. Mr. Grant Has Provided Reciprocal Discovery To Support His Good Faith Reliance Defense And Notice Under Rule 12.2(b).

The defense is complying with its reciprocal discovery obligations and the government's comments in its response concerning reciprocal discovery are moot.

On September 21 and 23, 2015, Mr. Grant provided the following reciprocal discovery disclosures: (1) photo copy of Freedom Law School's DVD concerning Ex-IRS Special Agent (Mr. Banister) Exposes IRS Fraud; (2) USA Today, Friday, March 2, 2001, Advertisement re Dear We The People Q: What Do These Men Have In Common? A: They Are All Employers Who Have Stopped Withholding Taxes From Their Workers' Paychecks; (3) Advertisement re Dear We The People Q: Do You Have To File A Federal Tax Return Or Pay An Income Tax? A: These Experts Say "No"!; (4) USA Today, Friday, February 16, 2001, Advertisement re Dear We The People Q: What Do These Three People Have In Common? A: All Are Ex-IRS Agents (including Mr. Banister) Who Have Resigned Their Positions And Joined A Growing Number Of Former And Present IRS Officers, Attorneys, Certified Public Accountants, And Retired Judges Who Believe And Assert That: There is NO LAW that requires most Americans to file a tax return, pay the federal income tax nor have the tax withheld from their earnings; (5) photocopy of the cover of the IRS Handbook for Special Agents Criminal Investigation Intelligence Division (not reproduced in its entirety because it is an IRS publication); (6) Investigating the Federal Income

REPLY RE: MOTION TO COMPEL DISCOVERY - 7

Tax, A Preliminary Report by Joseph Banister, Second Edition; and, (7) correspondence from Freedom Law School and Mr. Mottahedeh to Richard and Carol Grant re their membership in Freedom Law School's Royal Freedom Package. These disclosures were Bates numbered RG00001- 111.

Mr. Grant has also produced the materials initially provided to Drs. Woods and Wood from the government's discovery. The defense will produce the examination records from Drs. Woods and Wood next week. The doctors are gathering the materials requested by the government and have indicated they intend to provide them to undersigned counsel by this weekend.

### III.
### CONCLUSION

For the foregoing reasons, Mr. Grant respectfully requests that the Court grant his discovery motion. The Court should order the government to turn over the Special Agent's Report. To the extent the government discloses additional discovery, voluntarily or pursuant to court order, the defense should be permitted file any additional motions that are warranted by such disclosures.

DATED: September 23, 2015.                    Respectfully Submitted,

                                                        WILLIAM A. COHAN, P.C.

                                                         s/ *William A. Cohan*
California Bar No. 141804
P.O. Box 3448
Rancho Santa Fe, CA 92067
Tel:   (858) 832-1632
Fax:   (858) 832-1845
E-mail: bill@williamacohan.com

Attorney for Defendant RICHARD GRANT

REPLY RE: MOTION TO COMPEL DISCOVERY - 8

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

COLIN CHRISTOPHER SAMPSON, ESQ.
colin.sampson@usdoj.gov

                                       s/ *William A. Cohan*
                                       William A. Cohan, Esq.