# EXHIBIT A



KARIN J. IMMERGUT
United States Attorney

GRAYSON A. HOFFMAN
Grayson.A.Hoffman@usdoj.gov
U.S. Department of Justice, Tax Division
P.O. Box 7238, Ben Franklin Station
Washington, DC  20044-7238
Telephone: (202) 616-2904
Facsimile: (202) 514-6770
*Attorneys for the United States*

FILED '08 APR 7 11:34 USDC-ORP

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

UNITED STATES OF AMERICA

        Plaintiff,

    v.

EUGENE "GINO" CASTERNOVIA,
d/b/a SOUTHERN OREGON RESOURCE
CENTER EDUCATIONAL SERVICES
("SORCE"), d/b/a CASTLENUEVO,
INC., d/b/a EXECUTIVE'S RESOURCE, LLC.,
ROBERT HAGOPIAN, ROD PENDELL,
and MARK LYON,

        Defendants.

Case No.: CV '08 - 0 4 2 6 - MO

**COMPLAINT FOR
PERMANENT INJUNCTION
AND OTHER EQUITABLE
RELIEF**

Plaintiff, the United States, for its complaint states as follows:

1. The United States is bringing this complaint to enjoin Eugene "Gino" Casternovia;

Southern Resource Center Educational Services ("SORCE"); Castlenuevo, Inc.; Executive's



EXHIBIT

A

US02215

Resource, LLC; Robert Hagopian; Rod Pendell; and Mark Lyon and anyone in active concert or participation with them, from directly or indirectly:

A.   Organizing, promoting, marketing, or selling the schemes described herein, and any other plan or arrangement that advises or assists customers to attempt to violate the internal revenue law or unlawfully evade the assessment or collection of their federal tax liabilities;

B.   Engaging in conduct subject to penalty under 26 U.S.C. § 6700, i.e., by making or furnishing, in connection with the organization or sale of a plan or arrangement, a statement about the securing of a tax benefit that the defendants know or have reason to know to be false or fraudulent as to any material matter under the federal tax laws;

C.   Engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws;

D.   Engaging in any activity subject to penalty under Internal Revenue Code (IRC) section 6694; and

E.   Engaging in any other activity subject to penalty under the Internal Revenue Code.

2. An injunction is warranted based on the defendants' continuing conduct as promoters of a tax-fraud plan. If not enjoined, the defendants' continuing actions will result in the Internal Revenue Service (IRS) having to devote scarce resources to attempt to locate and investigate the defendants' customers, who by participating in the defendants' scheme have stopped filing accurate federal income tax returns and paying their federal income taxes, and who are hiding assets to evade collection of their taxes. The defendants' actions, if not stopped, may result in penalties and other civil and criminal sanctions being imposed on customers who buy and implement defendants' products and services.

US02216

**Jurisdiction and Venue**

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a) and 7408.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Authorization**

5. Pursuant to 26 U.S.C. §§ 7401, 7402 and 7408, this action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States.

**Defendants**

6. Eugene "Gino" Casternovia resides at 195 Crispin Street, Ashland, Oregon, 97520, within this judicial district.

7. Casternovia conducts business in this judicial district as Southern Oregon Resource Center Educational Services ("SORCE"), located at 4015 Payne Road, in Medford, Oregon, and 190 Oak Street, Suite 2, in Ashland, Oregon.   Casternovia is the president and CEO of SORCE.

8. Casternovia also conducts business in this judicial district as Executive's ReSource, LLC, and Castlenuevo, Inc.

9. Robert Hagopian performs work and consulting for SORCE and Casternovia. Hagopian resides at 6405 W. Hammer Lane in Las Vegas, Nevada.

10. Rod Pendell performs work and consulting for SORCE and Casternovia.  Pendell resides at 569 Clay Street, Apt. #3, in Ashland, Oregon.

11. Mark Lyon performs work and consulting for SORCE and Casternovia.  Lyon is the operations manager for SORCE.  Lyon resides at 333 Pinetree Drive, in Williams, Oregon.

- 3 -

US02217

**Defendants' Activities**

12.  Through SORCE and a related multilevel marketing organization called Pinnacle Quest International (PQI), defendants promote tax scams that involve the sale and use of sham entities, including what they call international business corporations (IBC), private interest foundations (PIF), pure foreign common law trusts, and Nevada Limited Liability Corporations. Defendants organize and market their programs as a fraudulent means for customers to evade the reporting and payment of federal taxes, as well as a way for customers to conceal their assets to evade IRS tax collection efforts.

**PQI**

13.  Defendants promote their tax schemes through PQI, an unincorporated organization conducting business from several addresses within this judicial district and division, including 838 Tropic Avenue, Fort Walton Beach, Florida; 50 Hill Avenue NW #A, Fort Walton Beach, Florida; and 13 NE Eglin Parkway #126, Fort Walton Beach, Florida.  PQI does business under the names "Pinnacle Quest International," "PQI," "PQI, Inc.," "Pinnacle," and "Pinnacle Quest." PQI holds itself out as a Panamanian International Business Company (IBC).

14.  PQI is a successor organization to the Institute for Global Prosperity, which ceased operations in 2002.  Global Prosperity's products falsely assured customers they could legally stop paying federal income taxes without repercussion.  The sale of these products caused five state attorneys general to issue cease and desist orders to Global Prosperity.

15. One of Global Prosperity's founders, David Struckman, formed PQI in 2002 using the customer list and certain technology—including a sales database—that Global Prosperity had used.  Claudia Hirmer served as Global Prosperity's marketing director and was the Global

- 4 -

US02218

Prosperity representative responsible for creating Global Prosperity's website and administering its sales database. The Government has sued Hirmer, PQI, and other defendants in the Northern District of Florida, seeking civil injunctions to shut down their fraudulent tax schemes.

16. Despite the cease-and-desist orders, under Struckman's guidance PQI began offering for sale products very similar to those formerly offered by Global Prosperity. PQI formed its original sales force by allowing Global Prosperity salespeople to pay a fee for the authority to promote PQI products.

17. In 2004, David Struckman and other Global Prosperity founders were indicted on charges of conspiracy to defraud the federal government. Two Global Prosperity founders pled guilty to charges of conspiracy to defraud the government in 2004. Following the indictment, David Struckman fled to Panama to avoid justice, but the Panamanian government subsequently returned Struckman to the United States to stand trial. A federal jury convicted David Struckman of tax evasion and conspiracy to defraud the government on November 8, 2007.

18. PQI sells three products—named Q1, Q2, and Q3. All three products are promoted by a team of approximately 840 PQI-authorized sales people known as "Qualified Consultants," and PQI customers must purchase these products from Qualified Consultants in a prescribed sequence.

19. PQI is a multilevel marketing scheme. Qualified Consultants are individually authorized by PQI to sell one, two, or all three of PQI's products, depending on the Qualified Consultant's previous sales record.

20. Qualified Consultants pay PQI $99 per year to serve as Qualified Consultants, and in return, they receive a portion of the purchase price of each PQI product they sell.

- 5 -

21. PQI's multilevel marketing structure creates strong financial incentives for Qualified Consultants to sell PQI's:

 a. PQI sells Q1 for $1350, of which the Qualified Consultant retains $1000.

 b. PQI sells Q2 for $7500, of which the Qualified Consultant retains $5000

 c. PQI sells Q3 for $18,500, of which the Qualified Consultant retains $12,000

### The SORCE Tax Scheme

22. To conceal their schemes, defendants and their customers conducted financial transactions through a so-called warehouse bank called ICIS ("Internet Currency Interface System"), which purportedly allowed SORCE customers and the defendants to remain anonymous when engaging in financial transactions. Federal courts have enjoined the operation of several similar warehouse banks, and people who operate such banks have been convicted of federal tax-related crimes for operating them. The ICIS bank, which was accessed through the Internet, permitted customers and defendants to conduct immediate electronic financial transactions using anonymous identification numbers, without disclosing their names, dates of birth, or social security numbers. ICIS authorized defendants to set up ICIS accounts for new SORCE customers. Defendants instructed their customers to use the ICIS warehouse bank to make anonymous payments to defendants for their products and services.

23. Wayne A. Hicks owned and operated the ICIS warehouse bank.

24. SORCE has at least 350 customers.

25. Defendants promote and sell two primary tax schemes: "asset protection" and "disenfranchisement."

US02220

W18-1 - Page 7 of 15

### The Unlawful Asset Protection Scheme

26.  Through the "asset protection" scheme, defendants help customers unlawfully evade federal taxation and collection efforts by helping them create bogus entities to which the customers transfer and hide their personal assets and businesses, while maintaining complete control over them.  Defendants falsely tell customers that income generated by their transferred businesses and assets is not taxable.  To help their customers accomplish these transfers, which are designed to avoid reporting income and collection, defendants provide their customers with instructional materials, guidance, and staff support.

27.  In connection with promoting the "asset protection" scheme, Casternovia's SORCE Process Workbook, which is provided to SORCE customers, fraudulently states:

> A corporation domiciled and registered in another country, that is not involved in a tax treaty with the U.S., (like Panama), is not subject to the IRS corporate tax code but to the tax laws of the country where it is registered . . . An International Corporation domiciled in Panama doing business in the U.S. has no tax reporting requirements, is not required to pay any tax on any of its income, and is not required to report or withhold earnings from any of its workers . . .

> If someone sues the IBC, in order for them to come after the corporation, they must have their case heard in a Panamanian court.  This provides yet one more layer of protection between you and any attacking entity such as tort lawyers or the IRS.

These are false statements because income derived from such entities doing business in the U.S. is taxable income under the Internal Revenue Code (I.R.C.), regardless of where the entity is based.  *See* I.R.C. §§ 951-964.

US02221

## Unlawful Disenfranchisement Scheme

28. Through the "disenfranchisement" scheme, defendants falsely tell customers that the federal income tax system is voluntary, and that customers can opt out of their federal income tax obligations by revoking or not using their social security numbers and other government identification numbers.

29. Promoting the "disenfranchisement" scheme, defendants have made false statements regarding the tax benefits of plans sold by SORCE. For example, during a videotaped interview in Cancun, Mexico, on February 23, 2005, that was broadcast/posted on the Internet in connection with promoting defendants' scheme, Casternovia made the following statements:

> You basically can reduce your tax liability down to as low as you wish, and you can begin to take advantage of what it means to actually be a sovereign American in free enterprise as the founders intended. And I'll leave you with this. No one took anybody's rights away. You signed them away with your own signature as I discovered in 1963. SORCE 190.com is our website.

> Look up the word alienable, and, of course, put the prefix un on it, and you've got the opposite . . . Basically it indicates that your rights cannot be transmitted to another through commercial process . . . And that they are not commercializable; therefore, not taxable.

> Remember, you don't pay your tax money to the IRS. The IRS is just a collection agency out of Puerto Rico that's – I think it's Puerto Trust 92 or something like that. When you look to the root of it, you'll find out that it's a collection agency for the World Bank.

30. On June 18, 2005, at a PQI seminar in Oahu, Hawaii, Casternovia made the following statement during his presentation:

> Your labor is nontaxable, unless of course you take a debtor's ID number and write it on a form and sign it and validate the debt. You validated the debt.

- 8 -

US02222

31. On February 23, 2005, in Cancun, Mexico, defendant Rob Pendell made the following statement during a videotaped interview that was broadcast and posted online for promotional purposes:

> So, basically, you have -- what's happened is many of the people in America have volunteered into a system known as the Social Security Administration System and then volunteered for the Internal Revenue tax system. These -- both of these systems are voluntary because people don't understand that. So part of our [SORCE] education is to, one, bring you to an understanding that, one, these programs are indeed voluntary and you don't have to -- you don't have to be compelled to send your productivity or your hard-earned money to these anonymous, essentially anonymous agencies . . .

> And then the second part of what we do is to provide them with the tools in which to extricate themselves from that system and to then reclaim their productivity back to themselves, so that they can then take that extra 20, 30, 40 percent sometimes of what they make and put it back into their own communities, into their own societies, into the areas where they feel it's important that need to support.

32. Defendant Mark Lyon made the following statement during a videotaped interview on February 23, 2005, in Cancun, Mexico.   This interview was also broadcast/posted on the Internet to promote SORCE.

> The advantages are pretty obvious.  Since Mark (defendant) has no income, I never use the (social security) number, and of course, we know the slave surveillance number is what they do use to track your activities.  Since I never use that number, my activities are not tracked, and what I earn is – excuse me – the companies I work for that earn the funds – and everything goes in a foundation, and the foundation supports Mark and his family. It was never mine to begin with.

33. Defendants have helped at least 16 customers use the defendants' scheme to fraudulently under-report their income on their federal income tax returns and to stop filing federal income tax returns altogether despite being legally required to do so.

34. Defendants know or have reason to know that the statements they make to customers regarding the tax benefits of their programs are false and fraudulent.

- 9 -

US02223

35. As the people who perform the operations work of SORCE, Pendell, Lyon, and Hagopian help Casteroniva promote and sell his schemes.

36. The defendants' conduct harms the government in multiple ways, including (a) lost revenue due to the failure of customers to file accurate income tax returns and pay taxes on income earned, and (b) the expense incurred by the IRS in conducting investigations and audits of the defendants' customers. Given the IRS's limited resources, identifying and recovering all revenues lost from the defendants' fraudulent programs may be impossible, resulting in a permanent loss to the United States Treasury.

37. Defendants' customers have been harmed by the defendants' promotions because the customers have paid SORCE significant sums to establish worthless legal entities and obtain erroneous tax advice that has caused the customers to fail to file required federal tax returns and understate their income tax liabilities. While most if not all of defendants' customers knew or had reason to know they were engaging in fraud by participating in defendants' scheme, it is possible that some customers may have been misled by defendants about the legality of defendants' scheme.

38. The public is harmed because the IRS is forced to devote its limited resources to identifying and attempting to recover revenue lost as a result of the defendants' program.

39. In addition to the harm caused by the defendants' advice and products, the defendants' activities undermine public confidence in the fairness of the federal tax system and incite noncompliance with the internal revenue laws.

- 10 -

US02224

**Count I: Injunction under 26 U.S.C. § 7408 for violations of 26 U.S.C. § 6700**

40. The United States incorporates by reference the allegations contained in paragraphs 1 through 39.

41. 26 U.S.C. § 7408 authorizes a court to enjoin persons who have engaged in conduct subject to penalty under 26 U.S.C. § 6700 from engaging in further such conduct.

42. 26 U.S.C. § 6700 imposes a penalty on any person who organizes or sells a plan or arrangement and, in so doing, makes or furnishes a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by participating in the plan or arrangement, that the person knows or has reason to know is false or fraudulent as to any material matter.

43. The sham entities described above that defendants organize and sell through SORCE and the other defendant entities constitute plans or arrangements. In organizing and selling their program, the defendants have made false and fraudulent statements regarding the tax benefits associated with participation in the programs that they know or have reason to know are false or fraudulent as to material matters within the meaning of 26 U.S.C. § 6700. The defendants have thus engaged in conduct subject to penalty under 26 U.S.C. § 6700.

44. Unless enjoined by this Court, the defendants are likely to continue to engage in this conduct and continue to organize and sell their abusive tax program. Injunctive relief is appropriate under 26 U.S.C. § 7408.

**Count II: Injunction under 26 U.S.C. § 7402**

45. The United States incorporates by reference the allegations contained in paragraphs 1 through 44.

- 11 -

46. 26 U.S.C. § 7402 authorizes courts to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws.

47. The defendants, through the actions described above, have engaged in conduct that interferes substantially with the administration and enforcement of the internal revenue laws.

48. Unless the defendants are enjoined, the IRS will have to devote substantial time and resources to identify and locate their customers, and then construct and examine those persons' tax returns and liabilities. The burden of pursuing all individual customers may be an insurmountable obstacle, given the IRS's limited resources.

49. If the defendants are not enjoined, they likely will continue to engage in conduct that obstructs and interferes with the enforcement of the internal revenue laws. The United States is entitled to injunctive relief pursuant to 26 U.S.C. § 7402(a) to prevent such conduct.

### Relief Sought

WHEREFORE, the United States prays for the following relief:

A. That the Court find that the defendants have engaged in conduct subject to penalty under 26 U.S.C. § 6700, and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent the defendants, and any business or entity through which they operate, and anyone acting in concert with them, from engaging in further such conduct;

B. That the Court find that the defendants have engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief against the defendants, and any business or entity through which they operate, and anyone acting in concert with them, is appropriate to prevent the recurrence of that conduct pursuant to the Court's powers under 26 U.S.C. § 7402(a);

- 12 -

US02226

C.  That the Court, pursuant to 26 U.S.C. §§ 7402 and 7408, enter a permanent injunction prohibiting the defendants and their representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from directly or indirectly:

1.   Organizing, promoting, marketing, or selling the SORCE or Executive's ReSource program or any other schemes described in this complaint, or any other plan or arrangement that assists or advises customers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities;

2.   Engaging in conduct subject to penalty under 26 U.S.C. § 6700, i.e., by making or furnishing, in connection with the organization or sale of a plan or arrangement, a statement about the securing of any tax benefit that the defendants know or have reason to know to be false or fraudulent as to any material matter under the federal tax laws;

3.   Engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws;

4.   Engaging in any other activity subject to penalty under the Internal Revenue Code.

D.  That the Court, pursuant to 26 U.S.C. § 7402, enter an injunction requiring the defendants to produce to the United States a list identifying (with names, mailing and e-mail addresses, phone numbers and social security and any other tax-identification numbers) all persons who have purchased a SORCE or Executive's ReSource program or services, and to file with the Court, within 20 days of the date the permanent injunction is entered, a certification that they have done so;

E.  That the Court, pursuant to 26 U.S.C. § 7402, order the defendants and anyone in active concert or participation with them to resign as the registered agents of any corporation purchased through SORCE or Executive's ReSource, and to file with the Court within 20 days of the date the permanent injunction is entered, a certification that they have done so;

- 13 -

US02227

F. That the Court, pursuant to 26 U.S.C. § 7402, enter an injunction prohibiting the defendants and anyone in active concert or participation with them from filing papers or other documents on behalf of others with state agencies regulating corporations, including corporate annual reports or new corporate registrations with the State of Oregon or any other state.

G. That the Court, pursuant to 26 U.S.C. § 7402, enter an injunction requiring the defendants to contact by mail at their own expense, all individuals who have previously purchased a SOURCE or Executive's ReSource program, or any other plan or program in which the defendants have been involved, either individually or through any business entity, and inform those individuals of the Court's findings concerning the falsity of the defendants' prior representations, the defendants' resignation as the registered agent for their customers' corporation, and attach a copy of the permanent injunction against the defendants, and to file with the Court, within 20 days of the date the permanent injunction is entered, a certification that they have done so;

H. That the Court, pursuant to 26 U.S.C. § 7402, order the defendants and anyone in active concert or participation with them, to remove from their websites and all other websites over which they have control, all tax-fraud scheme promotional materials, false commercial speech regarding the internal revenue laws, and speech likely to incite others imminently to violate the internal revenue laws; to display prominently at the top of the first page of those websites a complete copy of the permanent injunction; and to maintain it on those websites for one year;

I. That the Court order that the United States may engage in post-judgment discovery to ensure compliance with the injunction;

- 14 -

US02228

J. That the Court retain jurisdiction over this action for purposes of implementing and enforcing the final judgment; and

K. That the Court grant the United States such other and further relief as the Court may deem proper and just.

Dated this 7th day of April 2008.

Respectfully submitted,

KARIN J. IMMERGUT
United States Attorney

GRAYSON A. HOFFMAN
Grayson.A.Hoffman@usdoj.gov
U.S. Department of Justice, Tax Division
P.O. Box 7238, Ben Franklin Station
Washington, DC  20044-7238
Telephone: (202) 616-2904
Facsimile: (202) 514-6770
*Attorneys for the United States*

- 15 -

US02229

# EXHIBIT B

Case 4:14-cr-00590-PJH   Document 53-1   Filed 09/23/15   Page 18 of 30
Case 3:10-cv-03026-JLH   Document 1   Filed 03/24/10   Page 1 of 7 PageID #: 1
W13-1 - Page 1 of 7

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 24 2010

CHRIS R. JOHNSON, CLERK
BY

DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAYNE HICKS, individually, d/b/a | ) |
| AMERICANS FOR LAWFUL | ) |
| FINANCIAL INDEPENDENCE & | ) |
| FREEDOM ("ALFII"); AND | ) |
| MY ICIS, INC. | ) |
| | ) |
| Defendants. | |

Case No. *10-3026*

## COMPLAINT FOR PERMANENT INJUNCTION

Plaintiff, United States of America, for its complaint against Wayne Hicks, individually,

d/b/a Americans For Lawful Financial Independence & Freedom ("ALFII"), and My Icis, Inc.

("defendants") states as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1340 and 1345 and 26 U.S.C. §§

7402(a), 7407, and 7408.

2. This suit is brought under §§ 7402 and 7408 of the Internal Revenue Code (26 U.S.C.)

(I.R.C.) to enjoin defendants from the following activities:

      a.    Directly or indirectly organizing, promoting, marketing, or selling any plan

or arrangement that advises or assists taxpayers to attempt to violate

internal revenue laws or unlawfully evade the assessment or collection of

their federal tax liabilities, including establishing, facilitating, promoting,

selling, or advocating the use of anonymous banking and/or financial

systems designed to avoid federal income tax liability and/or shield the



EXHIBIT
*B*

2835448.2

US02161

identity of taxpayers and their financial transactions from the Internal
Revenue Service;

(b)    Engaging in conduct subject to penalty under 26 U.S.C. § 6700, including
organizing or selling a plan or arrangement and making or furnishing a
statement regarding the excludability of income or securing any other tax
benefit that defendants know or have reason to know is false or fraudulent
as to any material matter; and

(c)    Engaging in any other conduct that is subject to penalty under the Internal
Revenue Code or that interferes with the proper administration and
enforcement of the internal revenue laws.

3. This action has been requested by the Chief Counsel of the Internal Revenue Service, a
delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the
Attorney General under 26 U.S.C. §§ 7402 and 7408.

**Defendants**

4. Wayne Hicks is serving a five-year prison sentence at a federal penitentiary in Big
Spring, Texas, after pleading guilty to a federal tax crime (Case No.: 08-50086-001; described
more fully below). Hicks conducted a substantial portion of the unlawful conduct described in
this complaint in the Western District of Arkansas.

5. ALFII was an organization that operated at 915 West Trimble in Berryville, Arkansas,
in this judicial district. ALFII, which Hicks organized in 2002, was a private banking system that
hid from the IRS the identities of its members and their financial transactions to avoid federal
income tax liability.

2835448.2

US02162

6. My Icis also operated at 915 West Trimble in Berryville, Arkansas, in this judicial district. My Icis, which Hicks organized in 2003, was an internet-based company that facilitated anonymous financial transactions for ALFII members to help members evade federal income taxes.

### Defendants' Warehouse Banking Scheme

7. Wayne Hicks organized, promoted, and sold a "warehouse bank" scheme – a system of banking entities, online portals, and financial transactions designed to avoid federal tax liability for its members by hiding from the IRS the members' identities and financial transactions. In his plea agreement, Hicks admitted that the goal of his warehouse bank scheme was to provide "a means for ALFII members to get out of the traditional banking system and successfully shield their financial transactions from the government, more specifically the Internal Revenue Service, and thereby avoid paying federal income taxes."

8. Hicks admitted that he promoted his warehouse banking scheme through websites, including the Sierra Times, and distributed a newsletter through an internal ALFII email system.

9. ALFII, operated by Hicks, provided an unlicensed banking system for its members without requiring members to provide social security numbers. My Icis was the internet-based interface ALFII members used to conduct their secret financial transactions, including anonymous deposits, wire transfers, and bill payments. Defendants offered ALFII members special credit cards and digital money orders to assist members in conducting anonymous financial transactions. Hicks maintained and operated the My Icis bank accounts at the Bank of the Ozarks, Bank of Eureka Springs, Security Bank, and ANB Financial.

10. Hicks has admitted that, between April of 2003 and October of 2006, My Icis members anonymously deposited approximately $100 million in the secret ALFII / My Icis bank

2835448.2

US02163

accounts.

11.  Hicks also promoted his warehouse banking scheme at Pinnacle Quest International (PQI) seminars in Cancun and Xtapa, Mexico, in 2005.  PQI seminars hosted speakers who taught attendees how to evade federal income taxes by using warehouse banks, offshore tax havens, and nominee entities.  After Hicks promoted his My Icis scheme at the PQI seminars, ALFII membership jumped to approximately 3,000 members from only 800.  The Government has obtained injunctions against PQI and members of PQI's Executive Council for promoting unlawful tax schemes (see http://www.justice.gov/archive/opa/pr/2008/May/08-tax-431.html).

12.  Hicks has admitted that his warehouse banking scheme caused losses to the Government between $7 million and $20 million.

### Count I: Injunction Under 26 U.S.C. § 7408 for Violation of 26 U.S.C. §§ 6700

13. The United States incorporates by reference the allegations contained in paragraphs 1 through 12.

14. I.R.C. § 7408 authorizes a district court to enjoin any person from, *inter alia*, engaging in conduct subject to penalty under I.R.C. § 6700 if injunctive relief is appropriate to prevent recurrence of that conduct.

15.  Section 6700 imposes a penalty on any person who organizes or participates in the sale of a plan or arrangement and in so doing makes a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by participating in the plan or arrangement which that person knows or has reason to know is false or fraudulent as to any material matter.

16.  Through their warehouse banking scheme, defendants organized and participated in the sale of a plan or arrangement and, in doing so, made false and fraudulent statements with

2835448.2

US02164

respect to the tax benefits of participating in the plan or arrangement which defendants knew or had reason to know were false.

17.  As a result, defendants engaged in conduct subject to penalty under 26 U.S.C. § 6700.

18.  Injunctive relief is appropriate to prevent recurrence of defendants' penalty conduct.

### Count II: Injunction Under 26 U.S.C. § 7402

19.  The United States incorporates by reference the allegations contained in paragraphs 1 through 18.

20.  I.R.C. § 7402(a) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing those laws.

21.  Defendants substantially interfere with the enforcement of the internal revenue laws by promoting and operating their warehouse banking scheme which helped taxpayers evade millions of dollars in federal income taxes.

22.  As a result of the defendants' misconduct, their customers fail to report taxable income and fail to file accurate federal tax returns.

23.  Defendants' conduct causes irreparable harm to the United States and to the public for which there is no adequate remedy at law.

24.  Unless enjoined by this Court, the defendants are likely to continue to promote and administer this tax-fraud scheme.

25.  The United States is entitled to injunctive relief under I.R.C. § 7402(a) to prevent the recurrence of this misconduct.

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

2835448.2

US02165

A.    That the Court find that defendants Wayne Hicks, ALFII, and My Icis have engaged in conduct subject to penalty under 6700, and that injunctive relief is appropriate under 26 U.S.C. §§ 7402 and 7408 to bar defendants from promoting any tax schemes, including but not limited to the type of warehouse banking scheme described in this complaint, designed to help taxpayers evade federal taxes, and from engaging in other conduct subject to penalty under 26 U.S.C. §§ 6700;

B.    That the Court find that defendants have engaged in conduct that substantially interferes with the enforcement and administration of the internal revenue laws, and that injunctive relief against defendants is appropriate to prevent the recurrence of that misconduct pursuant to 26 U.S.C. § 7402(a);

C.    That this Court, under 26 U.S.C. §§ 7402 and 7408, enter a permanent injunction prohibiting defendants and their representatives, agents, servants, employees, and anyone in active concert or participation with them, from directly or indirectly by means of false, deceptive, or misleading commercial speech:

      (a)    Organizing, promoting, marketing, or selling any plan or arrangement that advises or assists taxpayers to attempt to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including establishing, facilitating, promoting, selling, or advocating the use of anonymous banking and/or financial systems to avoid federal income tax liability and/or shield the identity of taxpayers and their financial transactions from the Internal Revenue Service;

      (b)    Engaging in any other activity subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making a

2835448.2

US02166

statement regarding the excludability of income or securing of any other

tax benefit by participating in the plan that defendants know or have

reason to know is false or fraudulent as to any material matter; and

(c)    Engaging in any other conduct that is subject to penalty under the Internal

Revenue Code or that interferes with the proper administration and

enforcement of the internal revenue laws.

D.    That this Court allow the government full post-judgment discovery to monitor

defendants' compliance with the injunction; and

E.    That this Court grant the United States such other and further relief as the Court

deems just and appropriate.

Date: March 23, 2010

> JANE W. DUKE
> Acting United States Attorney
>
> GRAYSON A. HOFFMAN
> VA Bar # 73726
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 7238
> Ben Franklin Station
> Washington, DC  20044
> Telephone: (202) 616-2904
> Facsimile: (202) 514-6770
> Grayson.A.Hoffman@usdoj.gov

-7-

2835448.2

US02167

# EXHIBIT C

MYICIS ACCOUNT FOR RICHARD GRANT
USER ID  1096
USER NAME: albatross

Prepared by  Janet Ploudre  Special Agent
IRS-CI

| CreditID | CreditSource | CreditDate | CreditUserID | CreditDepositor | CreditGroup | CreditAmount | CreditMemo |
|---|---|---|---|---|---|---|---|
| 58105 Check | Via Store Morgan-Beaumont | 04/26/2005 | 1096 | 14 | 14#111451434 | $8,000.00 | Check from Grant Engineering, comes off hold 5/3/05 |
| 59992 Palm Card (04) | | 05/03/2005 | 1096 | 1096 | 1096#11511515736 | ($119.80) | |
| 59394 sheet (01) | Via Store  Check Paper - 250 | 05/03/2005 | 1096 | 1096 | 1096#115116117 | ($29.95) | |
| 59574 Check | | 05/04/2005 | 1096 | 14 | 14#11152 06605 | $12,000.00 | Check from Grant Engineering, comes off hold 5/11/05 |
| 61540 MYICIS DMO #133036 with $2 fee | | 05/10/2005 | 1096 | 1096 | 1096#11157 44501 | ($252.00) | Jones, Travis |
| 61545 MYICIS DMO #133039 with $2 fee | | 05/10/2005 | 1096 | 1096 | 1096#11157 43992 | ($3,048.42) | Washington Mutual |
| 61546 MYICIS DMO #133040 with $2 fee | | 05/10/2005 | 1096 | 1096 | 1096#11157 50473 | ($430.99) | American Honda Finance Corp |
| 61547 MYICIS DMO #133041 with $2 fee | | 05/10/2005 | 1096 | 1096 | 1096#11157 50993 | ($1,330.76) | Power-Pac Engineering |
| 62409 MYICIS DMO #133271 with $2 fee | | 05/16/2005 | 1096 | 1096 | 1096#11162 57227 | ($302.00) | Loza, Fermin |
| 62677 MYICIS DMO #133336 with $2 fee | | 05/18/2005 | 1096 | 1096 | 1096#11164 13317 | ($702.00) | Grant, Lindsay |
| 63373 MYICIS DMO #133596 with $2 fee | | 05/23/2005 | 1096 | 1096 | 1096#11168 56690 | ($102.15) | Bank of America |
| 63377 MYICIS DMO #133597 with $2 fee | | 05/23/2005 | 1096 | 1096 | 1096#11168 59741 | ($302.00) | Family Radio |
| 63378 MYICIS DMO #133598 with $2 fee | | 05/23/2005 | 1096 | 1096 | 1096#11168 60446 | ($2,002.00) | USAA Credit Card |
| 63504 MYICIS DMO #133631 with $2 fee | | 05/24/2005 | 1096 | 1096 | 1096#11169 36331 | ($234.00) | USAA |
| 63507 MYICIS DMO #133632 with $2 fee | | 05/24/2005 | 1096 | 1096 | 1096#11169 36625 | ($665.25) | USAA |
| 63846 Palm Card | | 05/26/2005 | 1096 | 966 | 1096#11171 20311 | ($754.95) | Palm Card Load |
| 63849 Palm Card | | 05/26/2005 | 1096 | 966 | 1096#11171 20558 | ($754.95) | Palm Card Load |
| 63851 Palm Card | | 05/26/2005 | 1096 | 966 | 1096#11171 20609 | ($754.95) | Palm Card Load |
| 63857 MYICIS DMO #133736 with $2 fee | | 05/26/2005 | 1096 | 1096 | 1096#11171 22194 | ($70.49) | Richmond Sanitary |
| 63860 MYICIS DMO #133739 with $2 fee | | 05/26/2005 | 1096 | 1096 | 1096#11171 22631 | ($302.00) | Aircraft Restoration & Mktg |
| 63915 MYICIS DMO #133763 with $2 fee | | 05/26/2005 | 1096 | 1096 | 1096#11171 46557 | ($502.00) | Joe Bannister Legal Defense |

EXHIBIT
C

US00600

# EXHIBIT D



# FREEDOM LAW SCHOOL

9582 Buttemere Road, Phelan, CA 92371
Voice: (760) 868-4271   FAX: (815) 346-2637
www.livefreenow.org   flsstudents@livefreenow.org

## ROYAL FREEDOM PACKAGE RENEWAL NOTICE
Your membership is due for Renewal on *May 2, 2008.*

March 6, 2008

Rich and Carol Grant
PO Box 70424
Richmond, CA 94807

> *As a Valued Student, we'd like to hear from you. How are we doing? Do you have any compliments, comments, questions, and/or concerns? Please call Darlene at 760-868-4271 or email her at Darlene@livefreenow.org.*

Dear Rich and Carol,

CONGRATULATIONS and thank you for your continued Loyalty and Support of Freedom Law School's Freedom works. You have made it through the **FIFTH** year of your membership in our Royal Freedom Package. Now that you have paid the initial $6,000 Membership Dues, your renewal dues are only $3,000 per year.

Your funds are spent on protecting and defending fellow freedom seekers in the Royal Freedom Package Group. For this $3,000 annual renewal fee you will continue to receive, for any year that a 1040 Income Tax Confession form has NOT been sent in,

(1) Unlimited Consultation, by telephone, about your IRS or State Income Tax Issues.
(2) Full representation by qualified paralegals, attorneys or other professionals for any and all IRS and State Income Tax Agency Administrative issues, including:
  (a) All Letters and Correspondence between you and the IRS or State Income Tax Agencies.
  (b) All Summons, Hearings, Tax Court Work for IRS and State Income Tax Agencies.
  (c) Full representation for non-filing Criminal Tax Charges; pre-trial, Trial and appeals all the way up to the U.S. Supreme Court and conditional representation for years that you have filed 1040 Income Tax Confession Form.

In short, you have obtained a "Peace of Mind Package" that allows you to spend your time on the other areas of your life, while we make sure that you are well protected from the insidious attacks of the IRS or State Income Tax Agencies, so that you can enjoy your life with reassurance and **FREE** of fear.

To maintain this level of First Class Protection and Peace of Mind, Your renewal membership fee of $3,000 must be received by us, on or before your renewal Date of *May 2, 2008.* For Privacy purposes, please send your renewal in the form of FRN's (CASH).

As usual, if you have any questions or concerns, please feel free to contact us at the number listed above, Monday through Saturday 10AM-12AM and Sundays from 12noon till 9PM.

Yours in Health, Freedom and Justice,

Peymon Mottahedeh
President



RG000109

**...OM LAW SCHOOL**

...temere Road, Phelan, CA 92371

...) 868-4271  FAX: (815) 346-2637

...enow.org   flsstudents@livefreenow.org

**... PACKAGE RENEWAL NOTICE**

...ip is due for Renewal on <u>*May 2, 2008.*</u>

*...Student, we'd like to hear from you. How are we ...u have any compliments, comments, questions, ...and/or concerns? Please call Darlene at 760-868-4271 or email her at Darlene@livefreenow.org.*

Richmond, CA 94807

Dear Rich and Carol,

CONGRATULATIONS and thank you for your continued Loyalty and Support of Freedom Law School's Freedom works. You have made it through the **FIFTH** year of your membership in our Royal Freedom Package. Now that you have paid the initial $6,000 Membership Dues, your renewal dues are only $3,000 per year.

Your funds are spent on protecting and defending fellow freedom seekers in the Royal Freedom Package Group. For this $3,000 annual renewal fee you will continue to receive, for any year that a 1040 Income Tax Confession form has NOT been sent in,

(1) Unlimited Consultation, by telephone, about your IRS or State Income Tax Issues.
(2) Full representation by qualified paralegals, attorneys or other professionals for any and all IRS and State Income Tax Agency Administrative issues, including:
    (a) All Letters and Correspondence between you and the IRS or State Income Tax Agencies.
    (b) All Summons, Hearings, Tax Court Work for IRS and State Income Tax Agencies.
    (c) Full representation for non-filing Criminal Tax Charges; pre-trial, Trial and appeals all the way up to the U.S. Supreme Court and conditional representation for years that you have filed 1040 Income Tax Confession Form.

In short, you have obtained a "Peace of Mind Package" that allows you to spend your time on the other areas of your life, while we make sure that you are well protected from the insidious attacks of the IRS or State Income Tax Agencies, so that you can enjoy your life with reassurance and **FREE** of fear.

To maintain this level of First Class Protection and Peace of Mind, Your renewal membership fee of $3,000 must be received by us, on or before your renewal Date of <u>*May 2, 2008.*</u> For Privacy purposes, please send your renewal in the form of FRN's (**CASH**).

As usual, if you have any questions or concerns, please feel free to contact us at the number listed above, Monday through Saturday 10AM-12AM and Sundays from 12noon till 9PM.

Yours in Health, Freedom and Justice,

Peymon Mottahedeh
President

RG000110



# FREEDOM LAW SCHOOL

9582 Buttemere Road, Phelan, CA 92371
Voice: (760) 868-4271  FAX: (815) 346-2637
www.livefreenow.org   flsstudents@livefreenow.org

## ROYAL FREEDOM PACKAGE RENEWAL NOTICE
Your membership is due for Renewal on *May 2, 2006.*

March 28, 2006

Rich and Carol Grant
Po Box 70424
Richmond, CA 94807

Dear Rich and Carol,

CONGRATULATIONS! You have made it through the THIRD year of your membership in our Royal Freedom Package. Now that you have paid the initial $6,000 Membership Dues, your renewal dues are still less than half, only $2,500 per year.

Your funds are spent on protecting and defending fellow freedom seekers in the Royal Freedom Package Group. For this $2,500 annual renewal fee you will continue to receive, for any year that a 1040 Income Tax Confession form has NOT been sent in,

(1) Unlimited Consultation, by telephone, about your IRS or State Income Tax Issues.
(2) Full representation by qualified paralegals, attorneys or other professionals for any and all IRS and State Income Tax Agency Administrative issues, including:
    (a) All Letters and Correspondence between you and the IRS or State Income Tax Agencies.
    (b) All Summons, Hearings, Tax Court Work for IRS and State Income Tax Agencies.
    (c) Full representation for non-filing Criminal Tax Charges; pre-trial, Trial and appeals all the way up to the U.S. Supreme Court and conditional representation for years that you have filed 1040 Income Tax Confession Form.

In short, you have obtained a "Peace of Mind Package" that allows you to spend your time on the other areas of your life, while we make sure that you are well protected from the insidious attacks of the IRS or State Income Tax Agencies, so that you can enjoy your life with reassurance and **FREE** of fear.

To maintain this level of First Class Protection and Peace of Mind, Your renewal membership fee of $2,500 must be received by us, on or before your renewal Date of *May 2, 2006.* For Privacy purposes, please send your renewal in the form of FRN's **(CASH)**.

As usual, if you have any questions or concerns, please feel free to contact us at the number listed above, Monday through Saturday 10AM-12AM and Sundays from 12noon till 9PM.

Yours in Health, Freedom and Justice,

Peymon Mottahedeh
President

RG000111