BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

MATTHEW J. KLUGE (PABN 204285)
Trial Attorney, Tax Division
matthew.j.kluge@usdoj.gov
COLIN SAMPSON (CABN 249784)
Assistant United States Attorney, Tax Division
Colin.Sampson@usdoj.gov
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
Telephone:   (415) 436-7020
Facsimile:    (415) 436-7009

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>RICHARD THOMAS GRANT,<br><br>    Defendant. | Case No. 4:14-cr-00590-PJH<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO FILE UNDER SEAL (Doc. No. 83)<br><br>Date:    May 25, 2016<br>Time:   2:30 p.m.<br>Place:   Courtroom #3, 3rd Fl. |

The United States of America, by and through Brian J. Stretch, United States Attorney, Northern District of California, Colin Sampson, Assistant United States Attorney, and Matthew J. Kluge, Trial Attorney, Tax Division, hereby respectfully submits its Opposition to Defendant's Motion to File Under Seal (Doc. No. 83). While the title of Defendant's motion appears to indicate that he is simply seeking authorization to file a document under seal, the substance of his motion makes clear that Defendant is seeking authorization to file his Trial Brief *ex parte*. Defendant states in his motion: "The government is not entitled to know the information contained in Defendant's Trial Brief." Defendant's request is not in

GOV'T OPP. TO DEF. MOT. TO FILE UNDER SEAL,
U.S. V. GRANT, 4:14-CR-00590-PJH

1

compliance with the Local Rule 47-3 concerning *ex parte* motions in a criminal case.  Moreover his request is entirely inappropriate and prejudicial to the Government, and should not be allowed by the Court.

## ARGUMENT

On May 11, 2016, Defendant filed a motion captioned "Defendant's Motion to File Under Seal." (Doc. No. 83).  In his motion, Defendant cites Local Rule 79-5 and 5-1(b), both of which concern the filing of under seal motions.  Defendant asserts that he "makes this request because Defendant's Trial Brief contains Defendant's confidential trial strategy." (Doc. No. 83 at 1).  Defendant attaches a Declaration of his attorney, William A. Cohan, to his motion. (Doc. No. 83-1).  In his declaration, Mr. Cohan states that Defendant seeks leave to file his Trial Brief under seal and that the government is not entitled to know the information contained therein. (Doc. No. 83-1 ¶ 3).  Mr. Cohan furthers states that Defendant's Pretrial Statement "identifies and explains legal issues and evidence that the defense believes will assist the Court in making pretrial determinations and evidentiary, and other, rulings during the trial set to commence on June 6, 2016."  (*Id.* ¶ 4).

The substance of Defendant's request is that he seeks permission from the Court to file his Trial Brief *ex parte*.  Defendant's request does not comply with Local Criminal Rule 47-3 – *Ex Parte* Motion in a Criminal Case.  This rule provides, among other things, that the moving party must contain a citation to the rule or order which permits use of an ex parte motion to obtain the relief sought. Defendant has not done this.  Accordingly, his request to file his Trial Brief *ex parte* should be denied.

Moreover, Defendant's attempt to communicate with the Court and "identif[y] and "explain[] legal issues and evidence that the defense believes will assist the Court in making pretrial determinations and evidentiary, and other rulings. . . " (Doc. No 83-1) is entirely inappropriate and is exactly the type of communication rules against *ex parte* communications are intended to prohibit.  If Defendant is permitted to file his Trial Brief *ex parte,* and present facts and arguments that may influence the Court in pretrial rulings or trial rulings, this would substantially prejudice the Government as it would preclude the Government from being able to challenge Defendant's factual assertions and present contrary legal authority on matters before the Court.  The Defendant should not be permitted to present his version of

GOV'T OPP. TO DEF. MOT. TO FILE UNDER SEAL,
U.S. V. GRANT, 4:14-CR-00590-PJH

2

1  facts and arguments in secret.  The Defendant is not required to file a Trial Brief, but if he chooses to do
2  so, it should be filed publically and made available to the Government.
3      For the reasons stated above, Defendant's Motion should be denied.
4      Respectfully submitted this 12th day of May, 2016.

        BRIAN J. STRETCH
        United States Attorney

        */s/ Matthew J. Kluge*
        MATTHEW J. KLUGE
        Trial Attorney, Tax Division
        COLIN SAMPSON
        Assistant United States Attorney, Tax Division

        Attorneys for United States of America

28  GOV'T OPP. TO DEF. MOT. TO FILE UNDER SEAL,
U.S. V. GRANT, 4:14-CR-00590-PJH

3